*Exhibit A*

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

| Approved, SCAO | Original - Court | 2nd copy - Plaintiff |
|---|---|---|
| | 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>6th    JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS | CASE NO.<br>2021-185803-NF |
|---|---|---|

**Court address**
1200 N. Telegraph Rd., Pontiac, MI 48341

**Court telephone no.**
248-858-5248

| Plaintiff's name(s), address(es), and telephone no(s).<br>MICHIGAN SPINE & BRAIN SURGEONS, PLLC<br>(Assignor: Colleen Kelly) | v | Defendant's name(s), address(es), and telephone no(s).<br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br>Resident Agent: CSC-Lawyers Incorporating Service Co<br>601 Abbot Road<br>East Lansing, MI 48823 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Schefman & Associates, P.C.<br>Bryan Schefman (P35435)<br>40900 Woodlward Ave., Ste. 111<br>Bloomfield Hills, MI 48304<br>248-594-2600 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>1/19/2021 | Expiration date*<br>04/20/2021 | Court clerk<br>Lisa Brown |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) **SUMMONS**      MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

FILED    Received for Filing    Oakland County Clerk    1/19/2021 8:00 AM

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

FILED   Received for Filing   Oakland County Clerk   1/19/2021 8:00 AM

STATE OF MICHIGAN
IN THE OAKLAND COUNTY CIRCUIT COURT

MICHIGAN SPINE AND BRAIN SURGEONS, PLLC
(Our file: Colleen Kelly),

2021-185803-NF

Case No.

Hon. JUDGE LEO BOWMAN

Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant.
_____/

Bryan L. Schefman (P35435)
Allison L. Romer (P79637)
SCHEFMAN & ASSOCIATES, PC
*Attorneys for Plaintiff*
40900 Woodward Ave., Ste. 111
Bloomfield Hills, Michigan 48304
248-594-2600 phone
248-562-3225 fax
bryan@schefmanlaw.com
alromer@schefmanlaw.com
_____/

## COMPLAINT

*No civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has previously been filed in the Jurisdiction of the State of Michigan.*

**NOW COMES** Plaintiff, Michigan Spine and Brain Surgeons, PLLC through counsel, Schefman & Associates, PC, and for its complaint, states as follows:

**Jurisdictional and Common Allegations**

1. Plaintiff, Michigan Spine and Brain Surgeons, PLLC, ("MSBS") is a licensed medical practice, serving patients in need of neurosurgical medical care in Oakland County, Michigan.

2. MSBS is the Assignee of non-party patient, Colleen Kelly ("Injured" or "Insured"), for all claims for payment of neurosurgical services presently due or past due, and the attorney in fact for purposes of pursuit of reimbursement and payment for those medical services due and past due as alleged herein. The Assignor was an insured under Defendant's policy of No-Fault Insurance, who incurred medical expenses arising out of the use of a motor vehicle as a motor vehicle, as set forth below.

3. Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), is authorized to do business in Michigan as a no-fault insurance company, and conducts a regular and systematic part of its business in Oakland County, Michigan, offering Personal Insurance Protection (PIP) benefits to residents and Plaintiff within the jurisdiction of the Oakland County Circuit Court.

4. Damages in this matter are more than $25,000.

**Count I**
**Direct Right of Payment By Assignment**

5. All paragraphs are incorporated as though fully set forth.

6. Colleen Kelly was injured in an auto accident that occurred on or about 1/17/2002.

7. At the time of the collision, the insured, Colleen Kelly, benefited from a policy of insurance with Defendant State Farm pursuant to the provisions of a contract of insurance issued pursuant to the Michigan No-Fault (No-Fault Act), MCLA 500.3101 et seq.

8. All applicable premiums were paid. Colleen Kelly was either a named Insured under the policy or otherwise entitled to coverage, and incurred expenses for professional charges for neurosurgery. The Insured was not barred from coverage under any exclusion under the contract or the Act, and all conditions precedent required of an insured have been performed or fulfilled.

9. The policy included provisions for all basic personal insurance protection benefits known as PIP benefits, and included the responsibility of payment for medical services reasonably necessary for the care, recovery, and/or rehabilitation of the insured, as a result of the accident.

10. The insured's neurosurgical intervention was required for the care, recovery, and/or rehabilitation of the insured, as a result of the accident.

11. Colleen Kelly executed a Lien, Assignment, and power of attorney Agreement, attached as **Exhibit 1**, assigning the right to enforce the within obligation of Defendant for payment of services due and past due which was for the care, recover, and rehabilitation of the Insured to MSBS and for which payment is due or past due, and MSBS is acting here as both Assignee in the place and stead of Colleen Kelly, under that power of attorney.

12. Defendant State Farm is liable to the Insured Assignor, and to Plaintiff MSBS, which holds a power of attorney to seek payment by assignment in the amount of $98,760.00, pursuant to MCLA 500.3107 (a), as these costs constitute allowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation pursuant to MCLA 500.3142(1). (See **Exhibit 2** – Ledger).

13. MSBS rendered its medical services for the care, recovery, and rehabilitation of the Insured, Colleen Kelly, and submitted reasonable charges in the amount of $98,760.00, and pursuant to MCLA 500.3107 and MCLA 500.3142(1), Defendant is liable for payment of those reasonable charges.

14. The total amounts of the charges sought reflect charges that are uniform for both insured and uninsured patients of the practice alike, and are reasonable in all respects for the services rendered.

15. As a result of the Assignment, MSBS is entitled to directly receive payment for services due and past due under the insured's policy under MCLA 500.3107 (a), and to pursue any means, including litigation to force payment.

16. All invoices for services have been timely submitted but have not been paid, and are now due and/or overdue pursuant to section (2) of MCLA 500.3142, as having not been paid within 30 days after Defendant State Farm having received reasonable proof of the fact and of the amount of loss sustained,

and for which, pursuant to section (3), now bear simple interest at the rate of 12% per annum.

17. Pursuant to MCLA 500.3148(1), Plaintiff Assignee is entitled to attorney's fees as Defendant State Farm has unreasonably refused to pay the claims made and unreasonably delayed in making proper payment to the insured.

18. As a direct and proximate result of the breach of Colleen Kelly's insurance contract with Defendant, Plaintiff, MSBS, has incurred damages in the amount of $98,760.00 exclusive of all costs, interest, and attorney fees as allowed by law.

**WHEREFORE**, Plaintiff prays for an award of damages in the amount of $98,760.00, plus interest, costs, and actual attorney fees, and such other costs, interest and attorney fees as may be allowed under the No-Fault law.

### Count II

### Direct Right of Payment

19. All paragraphs are incorporated as though fully set forth.

20. As a result of the collisions, the insured patient has incurred these medical costs and Plaintiff, as direct payee is entitled to receive payment for services under each benefit policy under the Michigan No-Fault Act, for allowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation, and such further medical care benefits as the loss continues to accrue, pursuant to MCLA 500.3107(a), MCLA 500.3142(1), MCLA 500.3112, et all..

21. MSBS is entitled to directly receive payment for services under each insured's benefit policy under MCLA 500.3112, and to pursue any means, including litigation to force payment.

**WHEREFORE**, Plaintiff prays for an award of damages in the amount of $98,760.00, plus interest, costs, and actual attorney fees, and such other costs, interest and attorney fees as may be allowed under the No-Fault law.

### Count III
### Third-Party Beneficiary

22. All paragraphs are incorporated by reference as though fully set forth.

23. Plaintiff Assignee, is also a Third-Party beneficiary of the contract between the Insured-Assignors and the Defendant company.

24. Plaintiff is a person for whose benefit a promise of insurance was made by way of a no-fault insurance contract, for the payment due and past due for reasonably necessary medical care arising out of the use of a motor vehicle as a motor vehicle for the care, recovery and rehabilitation of the Insured, and therefore Plaintiff has the same right to enforce the insured's contract that the Plaintiff would have had if that promise had been made directly to Plaintiff as the promisee.

25. The promise under contract of the Defendant became effective at the moment the promise became legally binding on the Defendant promisor, when medical services were delivered, under conditions for which there is coverage under the policy and became presently due and/or past due.

26. Although the identity of Plaintiff as not ascertainable at the time the Insured entered into the contract, the obligations became legally binding on the

promisor and vested at the time that services were rendered, expenses were incurred and became due or past due.

27. The insured became indebted or otherwise obligated to the Plaintiff for whose benefit the promise was made when such services were rendered and incurred.

**WHEREFORE**, Plaintiff prays for an award of damages in the amount of $98,760.00, plus interest, costs, and actual attorney fees, and such other costs, interest and attorney fees as may be allowed under the No-Fault law.

## COUNT IV

### Recovery Under the Medicare Secondary Payor Act

28. All paragraphs are incorporated by reference.
29. Plaintiff has applied for and obtained a conditional payment from the Medicare program for the medical services arising from or related to the motor vehicle collision; Ledger attached as **Exhibit 2**.
30. Medicare has paid for a medical service that the primary non-group health plan was responsible for, in the amount of $112.68 and Defendant, as the primary non-group health plan, is liable for reimbursement of the Medicare paid amounts pursuant to 42 USC 1395y.
31. Defendant is further liable for double the amount paid by the Medicare program pursuant to 42USC 1395y, or $225.36 in addition to payment of full charges under Federal Law.
32. Plaintiff has a direct right of action to file suit against the Defendant as primary non-group health plan, in order to force Defendant to make those

payments as required under the Medicare Secondary Payor Act ("MSPA"), 42 USC 1395y(b)(2)(B)(ii), and recover double damages and full charges.

33. Defendant's responsibility has been demonstrated under the contract issued to its insured under the Michigan No-Fault Act and under federal law, but has refused to pay a significant claim for neurosurgery arising out of the accident to Michigan Spine and Brain Surgeons, PLLC, leaving the claim to be paid by Medicare.

34. Pursuant to the Medicare Secondary Payor Act, Defendant insurer remains liable for double damages of the Medicare payments plus full charges, inasmuch as it has refused to make reimbursement to the medical provider despite its primary responsibility having been demonstrated, and allowed Medicare to pay for services arising out of its primary liability, pursuant to 42 USC 1395y(2)(B)(iii), 42 USC 1395y(b)(3)(A) and 42 CFR 411.31(b).

**WHEREFORE**, Plaintiff demands Judgment in such as amount as it is legally and equitably entitled to $98,760.00 plus, costs, fees, penalties, and interest allowed under Michigan Law, and double damages and full charges as may be allowed under the Medicare Secondary Payor Act.

Respectfully submitted,

SCHEFMAN & ASSOCIATES, PC

/s/Bryan Schefman
Bryan Schefman (P35435)
Allison L. Romer (P79637)
*Attorneys for Plaintiff*
40900 Woodward Ave., Suite 111
Bloomfield Hills, MI 48304
(248) 594-2600

Dated: 01/18/2021

# EXHIBIT 1

## Michigan Spine and Brain Surgeons, PLLC
### Medical Lien & Assignment Agreement On Health Care Insurance Receivable

Patient Name: _Colleen Kelly_ ("Assignor")

Medical Provider: _Michigan Spine and Brain Surgeons, PLLC_ ("Assignee")

In exchange for the professional services for surgery and/or medical care, the following Lien and Assignment on Health Care Insurance Receivable shall be granted by Assignor to Assignee; in furtherance thereof, Assignor acknowledges the following:

Assignor acknowledges that he/she has incurred charges for medical services for which payment is due or is past due under a policy of insurance. Assignor acknowledges that Assignee has not only provided such medical services upon a promise of payment by Assignor, and Assignor's grant of this security interest, but Assignee may also assume the burden of enforcement of payment obligations for charges, no-fault interest, and attorney fees. This is an assignment to a health-care provider of a health-care-insurance receivable and any right to payment on all charges by any account debtor insurer or liable business entity.

As a means of cross collateralization of the security interest granted to Assignee, a lien is granted in the amount of all charges. This lien shall apply to proceeds acquired by Assignor through the exercise of any rights arising from any claim, cause of action, recovery, judgment, settlement or adjudication of any rights available to Assignor, whether raised against any individual or insurance company which was a proximate cause of the need for the medical services provided.

Assignor acknowledges and grants an assignment of any right to enforce payment of charges due or past due for medical services, from any policy of insurance, including but not limited to both health insurance and no-fault insurance, or any business entity, and shall include, in Assignee's sole discretion, the right to consider the party liable, appeal of a payment denial, and/or the right to file suit to enforce the payment of benefits due or past due, the right to pursue enforcement under any beneficiary or fiduciary rights of Assignee in any plan issued or managed pursuant to ERISA federal law, or self-insured entity, and the right to pursue all Assignee's rights to interest and attorney fees that may be a part of the available rights under any suit based upon a certificate of coverage in any primary non-group health plan, such as no-fault, and or an ERISA plan.

Assignee or its agent is designated as my attorney in fact with respect to any action taken in pursuit of payment of incurred charges, interest, and attorney fees under any policy of insurance or rights under Michigan law. This power of attorney is not intended to, nor does it allow Assignee to take any action on any claim unrelated to the Assignee's charges, interest due thereon, and/or attorney fees incurred in the pursuit of any Assignee action.

I further instruct my attorneys to treat the medical bill incurred by me from Assignee as a first lien upon any monies recovered, payable from whatever source, disclaiming any common fund, and to pay the amount of the lien in full, without regard to any costs or attorney fees that I may incur, before Assignor is to receive any funds. I further instruct my attorneys to advise Assignee as to the existence of any claim asserted on my behalf relating to the medical services provided, so that Assignee may seek its own counsel and representation to enforce this Lien and Assignment.

Assignor's liability will be discharged by payment of any funds arising from settlement or judgment from Assignor's suit or payment pursuant to the lien. This assignment does not extend to any future benefit in violation of MCL 500.3143.

This assignment shall be irrevocable. To the extent that any provision is determined to be unenforceable, it is my intent that the remaining provisions be enforced.

Patient Signature _Colleen Kelly_ ("Assignor")

Date _11/25/20_

| Providence Park | Providence Medical Office Building | St. John Macomb |
|---|---|---|
| 26850 Providence Parkway | 22250 Providence Drive | 11900 East 12 Mile Road |
| Suite 240 | Suite 601 | Suite 206 |
| Novi, MI 48374 | Southfield, MI 48075 | Warren, MI 48093 |

# EXHIBIT 2

Name: Kelly, Colleen  
Address:  
Phone:  
Account No: 185919

| Claim No | Date | Description | Charges | Payments | Adjust | WithHeld | Pt Bal | Ins Bal |
|---|---|---|---|---|---|---|---|---|
| 273867 | 11/25/2020 | Charges (Pr:TS Fac: SF MSBS) | 350 | | | | 0 | 350 |
| 274502 | 11/10/2020 | Charges (Pr:TS Fac: PROV) | 24,380.00 | | | | 0 | 24,380.00 |
| 272662 | 11/9/2020 | Charges (Pr:TS Fac: SF MSBS) | 350 | | | | 0 | 350 |
| 272812 | 10/14/2020 | Charges (Pr:TS Fac: PROV) | 72,660.00 | | | | 0 | 72,660.00 |
| 268744 | 9/23/2020 | Charges (Pr:TS Fac: SF MSBS) | 545 | | | | 0 | 545 |
| | 10/26/2020 | STATE FARM | | 0 | 0 | 0 | | |
| 263279 | 7/2/2020 | Charges (Pr:TS Fac: PP MSBS) | 250 | | | | 0 | 250 |
| | 9/30/2020 | AETNA MEDICARE | | 112.68 | 0 | 0 | | |
| | 8/28/2020 | STATE FARM | | 0 | 0 | 0 | | |
| | 1/6/2021 | CP:Conditional Payment | | | -112.68 | | | |
| 259317 | 4/27/2020 | Charges (Pr:TS Fac: SF MSBS) | 225 | | | | 0 | 225 |
| | 5/28/2020 | STATE FARM | | 118 | 0 | 0 | | |
| | 1/6/2021 | CP:Conditional Payment | | | -118 | | | |
| | | Total | $98,760.00 | $230.68 | ($230.68) | $0.00 | $0.00 | $98,760.00 |

**CERTIFIED MAIL**

7020 1810 0001 6179 7114

METROPLEX
MI 480
02 FEB '21
PM 4 L



UNITED STATES POSTAGE
PITNEY BOWES
02 1P           $ 007.85⁰
0000234166  FEB 02 2021
MAILED FROM ZIP CODE 48304

State-Farm Mutual Automobile Insurance Co.
Resident Agent: CSC- Lawyers Incorporating Service Co.
601 Abbot Rd
East Lansing, MI 48823

48823-336601